UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HBE CORPORATION,

                Plaintiffs,

v.

HARLEYSVILLE GROUP, INC. and
HARLEYSVILLE INSURANCE COMPANY
OF NEW YORK,

                Defendants.
_____

Case No. 7:14-CV-145 MAD/TWD

---

**DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION *IN LIMINE***

---

HURWITZ & FINE, P.C.
Dan D. Kohane, Esq.
424 Main Street
Suite 1300 Liberty Building
Buffalo, New York  14202
(716) 849-8900
ddk@hurwitzfine.com
*Attorneys for Defendant*
*HARLEYSVILLE INSURANCE*
*COMPANY OF NEW YORK*

## TABLE OF CONTENTS

**Page:**

PRELIMINARY STATEMENT ……………………………………………………… 1

ARGUMENT – HARLEYSVILLE SHOULD NOT BE PRECLUDED
FROM OFFERING EVIDENCE THAT THE POLICY WAS
DELIVERED CONTEMPORANEOUSLY WITH ITS ISSUANCE …………………… 2

CONCLUSION ……………………………………………………………………… 7

# TABLE OF AUTHORITIES

**Cases:**                                                                                                             **Page:**

Henrietta D. v. Giuliani,
    No. 95 Civ. 0641, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001) .................. 6

Krause v. Buffalo and Erie County Workforce Development Consortium, Inc.,
    425 F.Supp.2d 352 (W.D.N.Y. 2006) ...................................................... 4

Patterson v. Balsamico,
    440 F.3d 104 (2nd Cir. 2006) ................................................................ 5

**Statutes:**

Federal Rules of Civil Procedure, Rule 26(a)(1) ...................................................... 4

Federal Rules of Civil Procedure, Rule 26(a)(3)(B) .................................................. 5

Federal Rules of Civil Procedure, Rule 37(c)(1) ...................................................... 6

New York Insurance Law § 3420(a) ............................................................. 1, 5

**PRELIMINARY STATEMENT**

Defendant HARLEYSVILLE INSURANCE COMPANY OF NEW YORK ("Harleysville") submits this Memorandum of Law in opposition to Plaintiff HBE CORPORATION'S ("HBE"), Motion *In Limine*, which seeks an order of this court precluding Harleysville from introducing at trial any documents it did not produce in discovery and the testimony of any witnesses not previously disclosed.

The document at issue is a log maintained by Harleysville which lists the policies issued on December 2, 2008, by the company and where copies of the policies were mailed. The witness at issue is a representative who can lay the foundation for this document and attest to the mailing procedures and agency relationships.

In its motion, HBE accuses Harleysville of ambushing it a few weeks before trial with documentation and witnesses not previously disclosed. But, what HBE's papers fail to acknowledge is that the documentation was not requested until last week. *See* Declaration of Will Nolan, dated January 25, 2016, Exhibit C.

HBE submits that an issue to be decided at trial is whether the amendment to Insurance Law § 3420 (a) applies, and in turn prejudice becomes a factor. In making this argument, HBE concedes that the policy was issued prior to the operative date of January 17, 2009, but speculates that the policy may have been delivered thereafter. The issue of the delivery date was not raised until the middle of motion practice. A review of the amended complaint reveals no mention of "delivery date." Likewise, a review of HBE's Demand for Document Production and Interrogatories likewise revealed no reference to "delivery date." Instead, this issue did not surface until the middle of dispositive motion practice.

1

HBE submits that Harleysville should have disclosed its evidence that the policy was in fact delivered contemporaneous with the policy earlier. Yet, it was not until last week that HBE asked for it, and there is nothing in HBE's papers which suggests an earlier request was made. Where Harleysville promptly provided evidence of the policy's delivery date as soon as it was asked for it, Harleysville did not breach its discovery obligations and should not be precluded from offering such evidence at trial.

## ARGUMENT

## HARLEYSVILLE SHOULD NOT BE PRECLUDED FROM OFFERING EVIDENCE THAT THE POLICY WAS DELIVERED CONTEMPORANEOUSLY WITH ITS ISSUANCE

HBE seeks to preclude Harleysville from introducing evidence at trial on a legal argument it raised for the first time in its opposition to Harleysville's cross-motion for summary judgment. In HBE's memorandum of law submitted in opposition and in further support of its own motion—which was filed after the close of discovery—HBE for the first time submitted that Harleysville was not entitled to summary judgment because it had not established that the insurance policy in question was both issued <u>and</u> delivered prior to January 17, 2009. In making this argument, HBE acknowledged that the policy was issued prior to this date, but submitted that the delivery date was unclear. HBE did not set forth a basis for this challenge. It did not cite to any evidence which tended to showed that Harleysville waited almost two months to deliver the policy. Instead, it just speculated that it was "possible" that the policy was not delivered to Demco, the named insured, under after January 17, 2009. No foundation for this speculation has ever been laid.

Now, HBE complains that Harleysville did not anticipate this argument prior to the close of discovery. Yet, a review of the complaint and HBE's discovery demands reveal no clue that

2

such speculative legal argument would be made. Absent from the amended complaint filed by HBE, and dated January 3, 2014, is the term "delivery date." Declaration of Dan D. Kohane, dated January 28, 2016, Exhibit A. HBE's single cause of action alleges that Harleysville failed or refused to defend and indemnify HBE in connection with the underlying action.

A review of HBE's Demand for Document Production and Interrogatories reveals a similar absence. See Nolan Dec., Exhibit A; Kohane Dec., Exhibit B. The term "delivery date" does not appear anywhere in the demands. In support of this motion *in limine*, HBE cites to four generic demands contained in the Demand for Document Production as a basis for its claim that Harleysville failed to comply:

- Produce true copies of any and all documents which you will use to support any claims or defenses you have raised in this action at trial, in motion, practice, or otherwise.

- Produce true copies of any and all documents that are related to or reference Demco's insurance policy with you.

- Produce true copies of any and all documents or communications relating to insurance policy MPA 7G9336.

- Produce true copies of all internal Harleysville documents and communications, including without limitation, email exchanges, memoranda, and/or handwritten or computerized notes or transcriptions relating to Stephen A. Toth's alleged accident or injury, *Toth v. Samaritan Medical Center and HBE Corporation f/k/a Kummer Enterprises, Inc.*, Index No. 2012-139994, New York Supreme Court St. Lawrence County, HBE's claims in the above titled action, the denial of HBE's request for coverage related to Stephen A. Toth's alleged accident or injury, and insurance policy MPA 7G9336.

Nolan Dec., Exhibit A.

Harleysville notes that, for our purposes, the first demand is inapplicable since it speaks in the past tense, and this issue was not raised until after discovery demands were served. And, in response to the latter three demands, Harleysville explicitly objected to the demands as being

3

overlying broad and confusing. In response, HBE did not revise the demands, or seek clarification as to the objection. Harleysville would guess that such an action was not taken since at the time of receipt of these responses, HBE had not yet developed the legal theory it would later raise.

HBE also submits that Harleysville did not disclose this log in its Rule 26 disclosures or identify the witnesses which it now seeks to call at trial to authentic same. Rule 26(a)(1) requires disclosure only of information and documents that the disclosing party may use to support its claims or defenses. See *Krause v. Buffalo and Erie County Workforce Development Consortium, Inc.*, 425 F.Supp.2d 352 (W.D.N.Y. 2006). When Harleysville completed its Rule 26 disclosures, it was unaware that HBE would seek to challenge the policy's delivery date, especially as there is nothing on the face of the policy that would lend any credence to speculation that it was not delivered to the insured promptly after issuance.

Moreover, as Harleysville raised in its Bench Brief, absent from the case law is any authority that Harleysville even has the burden to prove the delivery date. Where HBE seeks to benefit from application of the amended statute, and where it lacks evidence that the policy was not delivered contemporaneously, it should have the duty of prove the relevant delivery date.

While HBE complains that it was ambushed with this log, this whole situation could have been avoided if it had simply asked during discovery, as it later did in its January 22, 2016, e-mail, for documents showing the date of delivery of the policy to the agent/broker. Nolan Dec., Exhibit C. In response to that specific request, our office promptly disclosed the log and would have done the same if such documentation was sought earlier.

Further, as demonstrated by the e-mail exchange annexed to HBE's motion *in limine*, HBE's position on this issue has been inconsistent. In preparation of the joint stipulation,

4

counsel raised the issue of the delivery date, and advised our office that if we provided some paperwork showing the date of delivery of the policy to the agent/broker, he might be able to remove this as an issue in dispute. When our office promptly provided same, it was called an "ambush." Nolan Dec., Exhibit C.

Where HBE never requested information concerning the delivery, and where HBE never plead that the policy it sought coverage under was not delivered to Harleysville's named insured until after the change in the statute, it can hardly be surprising that Harleysville did not disclose these documents. This is especially true where the policy was effective December 1, 2008, through December 1, 2009, and nothing on its face would raise doubt that it was delivered contemporaneously.

In support of HBE's position, it cites *Patterson v. Balsamico*, 440 F.3d 104, 117 (2nd Cir. 2006) wherein defendant identified four witnesses ten days before trial in violation of Rule 26(a)(3)(B). No such violation has occurred here. Rule 26(a)(3)(B) provides that "[u]nless the court orders otherwise, these disclosure must be made at least 30 days before trial." Here, this honorable Court issued an order whereby all parties were directed to submit a witness list by Monday, January 25, 2016. Harleysville submitted such a list, which included a representative of Harleysville who can address the delivery date issue.

HBE also argues that Harleysville was obligated to formally supplement its Rule 26 disclosures once it learned of HBE's intent to challenge the policy's delivery date and argue that the amendment to Insurance Law 3420(a) applied. Again, HBE did not even raise the issue of the delivery date or the application of prejudice until motion practice. Thereafter, it was not until September 30, 2015 that the Court rendered a decision on the motions for summary judgment, finding a question of fact on late notice. This matter was then set aside briefly while the parties

worked out a resolution of the underlying action. At that time, Harleysville had hoped to resolve both the underlying action and this declaratory judgment action. Unfortunately, that did not occur, but settlement of the underlying action did take place at the end of December, 2015. Thereafter, the parties began preparing for trial. Upon being advised of HBE's intent to argue at trial that the prejudice statute applied, and upon its request for documentation, Harleysville promptly provided same.

Moreover, the requested preclusion is inappropriate under these circumstances. Under the Federal Rules, the sanction of preclusion under Rule 37(c)(1) is "automatic absent a determination of either substantial justification or harmlessness." *Id.* (citations omitted). Substantial justification means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Id.* (quoting *Henrietta D. v. Giuliani,* No. 95 Civ. 0641, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001)). "The test of substantial justification is satisfied 'if there exists a genuine dispute concerning compliance.'" *Id.*

Based on the facts before this court, a reasonable person would believe that Harleysville was not obligated to provide the log at an earlier point in time. Again, the issue of the delivery date of the policy was not raised until motion practice; thus, to the extent that HBE feels it was harmed by the inability to examine a representative of Harleysville relative to the document, such issue could have easily been avoided had it asked for the documentation during discovery. Unfortunately, it was not, and now Harleysville is placed in a position wherein it must now disprove HBE's speculation. Thus, based on the facts of this case, there was substantial justification for the recent disclosure.

6

With that said, should this court view the circumstances of this dispute differently, Harleysville would ask that the court, instead of precluding Harleysville's evidence as to the delivery date, briefly adjourn the bench trial in order to permit HBE to conduct discovery relative to the log provided and to conduct a deposition of Harleysville's representative in an effort to resolve the question of the policy's delivery date.

## CONCLUSION

For the foregoing reasons, Harleysville Insurance Company of New York respectfully requests that this court deny HBE's motion *in limine*, and for any other relief this court deems just and proper.

DATED:	Buffalo, New York
	January 28, 2016

>						HURWITZ & FINE, P.C.
>
>						*/s/ Dan D. Kohane*
>					By:_____
>						Dan D. Kohane, Esq.
>						*Attorneys for Defendants*
>						424 Main Street
>						1300 Liberty Building
>						Buffalo, New York 14202
>						(716) 849-8900
>						ddk@hurwitzfine.com