**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

HBE CORPORATION,

                            **Plaintiff,**

    vs.                                                 **7:14-CV-145
                                                          (MAD/TWD)**

**HARLEYSVILLE GROUP, INC. and
HARLEYSVILLE INSURANCE COMPANY
OF NEW YORK,**

                            **Defendants.**
_____

**APPEARANCES:**                               **OF COUNSEL:**

**WHITEMAN OSTERMAN & HANNA LLP**     **WILLIAM S. NOLAN, ESQ.**
One Commerce Plaza                           **EMILY P. QUINLAN, ESQ.**
Albany, New York 12260
Attorneys for Plaintiff

**HURWITZ & FINE, P.C.**                     **DAN D. KOHANE, ESQ.**
424 Main Street                                   **CASSANDRA A. KAZUKENUS, ESQ.**
1300 Liberty Building
Buffalo, New York 14202
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

Plaintiff HBE Corporation ("HBE" or "Plaintiff") commenced this action in New York State Supreme Court, St. Lawrence County, on January 3, 2014, alleging that Defendants Harleysville Group, Inc. and Harleysville Insurance Company of New York (collectively, "Harleysville" or "Defendant") wrongfully denied HBE insurance coverage under a policy endorsement naming HBE as an additional insured under certain circumstances. *See* Dkt. No. 1-2 at 3-10. Harleysville removed the action to this Court on February 10, 2014. *See* Dkt. No. 1.

On September 30, 2015, the Court granted HBE's motion for partial summary judgment as to Harleysville's causation defense and denied Harleysville's motion for summary judgment. *See* Dkt. No. 39. Currently before the Court is HBE's motion *in limine* which seeks to preclude Harleysville from offering any evidence not produced to HBE in discovery. *See* Dkt. No. 50.

## II. BACKGROUND

For a complete recitation of the relevant factual background, the Court directs the parties to the September 30, 2015 Memorandum-Decision and Order. *See* Dkt. No. 39.

## III. DISCUSSION

In its motion *in limine*, HBE asks the Court to preclude Harleysville from introducing at trial any documents it did not produce in discovery and from introducing the testimony of any witnesses it did not previously disclose. *See* Dkt. No. 50-6 at 4. HBE claims that this "motion is necessary because, more than a full year after the close of discovery in this action, Harleysville stunningly disclosed a document that it claims is central to its position in this case." *Id.* "Specifically, on Friday, January 22, 20[16] – one business day before the parties' pre-trial filings were due – Harleysville produced a computer printout purporting to show that the insurance policy at issue was printed and supposedly delivered to Demco's insurance agent prior to January 17, 2009, the effective date of New York Insurance Law § 3420(a)(5)." *Id.* This document is significant because, according to Harleysville, it relieves it of having to prove that it suffered

prejudice as a result of any late notice of the accident which gave rise to HBE's insurance claim, as would otherwise be required by Insurance Law § 3420(a)(5).[1]

In response to HBE's motion, Harleysville contends that it should not be precluded from introducing this evidence because it only became relevant when HBE raised the argument as to the delivery date of the policy in its opposition to Harleysville's cross-motion for summary judgment, which was after the close of discovery. *See* Dkt. No. 58 at 5. Specifically, Harleysville contends that, in HBE's memorandum of law in opposition to Harleysville's cross-motion for summary judgment, HBE argued for the first time, without providing a basis for the argument, that Harleysville was not entitled to summary judgment because it had not established that the insurance policy in question was both issued and delivered prior to January 17, 2009. *See id.* Moreover, Harleysville contends that none of the discovery demands or interrogatories indicate in any way that the delivery date of the insurance policy would be relevant in any way.

---

[1] Subsection 3420(a)(5) of the New York Insurance Law was added by the Legislature in 2008, and took effect on January 17, 2009. The new subsection provided as follows:

> (a) No policy or contract insuring against liability for injury to person . . . or against liability for injury to, or destruction of[ ] property shall be issued or delivered in this state, unless it contains in substance the following provisions or provisions that are equally or more favorable to the insured . . . :
>
> (5) A provision that failure to give any notice required to be given by such policy within the time prescribed therein shall not invalidate any claim made by the insured, injured person or any other claimant, unless the failure to provide timely notice has prejudiced the insurer, except as provided in paragraph four of this subsection.

N.Y. Ins. Law § 3420(a)(5). Significantly, this new provision applies *only* to insurance polices that were "issued or delivered" on or after January 17, 2009. *See B & A Demolition and Removal, Inc. v. Markel Ins. Co.*, 818 F. Supp. 2d 592, 594 (E.D.N.Y. 2011) (citations omitted).

3

*See id.* at 6. Further, Harleysville claims that it should not be precluded under Rule 26 from introducing this evidence/testimony because, at the time it made its Rule 26 disclosures, "it was unaware that HBE would seek to challenge the policy's delivery date, especially as there was nothing on the face of the policy that would lend any credence to speculation that it was not delivered to the insured promptly after issuance." *Id.* at 7.

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.,* No. 94–cv–5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

Federal Rule of Civil Procedure 37(c)(1) provides that

> [a] party that without substantial justification fails to disclose
> information required by Rule 26(a) or 26(e)(1), or to amend a
> response to discovery as required by Rule 26(e)(2), is not, unless
> such failure is harmless, permitted to use as evidence at trial, at a
> hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1). The rule is designed "to avoid 'surprise' or 'trial by ambush.'" *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (quotation omitted).

The sanction of preclusion under Rule 37(c)(1) is "automatic absent a determination of either substantial justification or harmlessness." *Id.* (citations omitted). Substantial justification means "justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request." *Id.* (quoting *Henrietta D. v. Giuliani*, No. 95 Civ. 0641, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001)). "The test of substantial justification is satisfied 'if there exists a genuine dispute concerning compliance.'" *Id.* (quoting *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995)). The burden of proving substantial justification rests with the party which has failed to disclose information. *See id.* (citing *Wright v. Aargo Sec. Servs., Inc.*, 99 Civ. 9115, 2001 WL 1035139, at *2 (S.D.N.Y. Sept. 7, 2001)).

Despite the "automatic" nature of Rule 37(c)(1), "the imposition of sanctions under the rule is a matter within the trial court's discretion." *Id.* (quoting *Jockey Int'l, Inc. v. M/V "Leverkusen Express"*, 217 F. Supp. 2d 447, 452 (S.D.N.Y. 2002)). Further, "[p]reclusion of evidence is generally a disfavored action." *Id.* The preclusion of evidence not disclosed in discovery is "a drastic remedy and will apply only in situations where the failure to disclose represents . . . flagrant bad faith and callous disregard of the rules." *Johnson Elec. N. Am., Inc. v. Mabuchi Motor Am. Corp.*, 77 F. Supp. 2d 446, 458 (S.D.N.Y. 1999) (citations omitted).

In the present matter, the Court finds that preclusion of the evidence at issue is not warranted. In its memorandum of law in further support of its motion for partial summary judgment and in opposition to Harleysville's cross-motion for summary judgment, which was filed on February 20, 2015, HBE argued for the first time that "it is very possible that the policy was delivered" sometime after January 17, 2009, given that the policy was issued in December

2008. *See* Dkt. No. 34 at 16. HBE made this argument without citation to any evidence in the record. *See id.*

In its April 17, 2014 discovery demands, HBE requested "true copies of any and all documents which you will use to support any claims or defenses you have raised in this action at trial, in motion practice, or otherwise;" "true copies of any and all documents that are related to or reference Demco's insurance policy with" Harleysville; "true copies of any and all documents or communications relating to insurance policy MPA 7G9336;" "true copies of any and all documents or communications including without limitation, email exchanges, memoranda, and/or handwritten or computerized notes or transcriptions relating to . . . insurance policy MPA 7G9336." Dkt. No. 50-6 at 4-5. Although HBE argues that these general discovery demands clearly required Harleysville to disclose the computer printout at issue prior to the January 15, 2015 close of discovery, the Court disagrees. Had HBE made it clear prior to the close of discovery that it intended to argue that the insurance policy was not delivered prior to the change in the law, HBE's demands would undoubtedly cover the computer printout at issue. Harleysville, however, had been provided no indication that such information would be relevant until HBE's February 20, 2015 memorandum of law.

Counsel for HBE did not specifically request proof of delivery date until a January 22, 2016 email to Harleysville's counsel. *See* Dkt. No. 50-4 at 3. Within hours, Harleysville's counsel provided HBE with the requested information. *See id.* Although the more prudent course would have been for Harleysville to supplement its discovery response at some earlier time, the Court finds that it substantially complied with its discovery obligations and preclusion is not warranted. To reduce any prejudice, the Court will permit HBE to depose Harleysville's proposed witness relative to the document at issue. If necessary, the parties may conduct this deposition by

telephone. If the deposition cannot be scheduled prior to the start of trial, the Court will entertain reasonable requests for adjournment so that the deposition may take place.

Based on the foregoing, HBE's motion *in limine* is denied.

### IV. CONCLUSION

After carefully reviewing the entire record in this matter, the parties's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that HBE's motion *in limine* is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 3, 2016
      Albany, New York

Mae A. D'Agostino
U.S. District Judge